UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL ALFONSO MEDINA, JR.,<br><br>Defendant. | Case No. 3:16-CR-00009-LRH-WGC<br><br>ORDER |

Before the court is defendant Rafael Alfonso Medina, Jr.'s seven motions: (1) motion to inspect and produce files of federal law enforcement agents and officers, ECF No. 27; (2) motion for early disclosure of *Jencks* material and timely production of *Brady* and *Giglio* material, ECF No. 28; (3) motion for reasonable notice of Federal Rules of Evidence 404(b) evidence, ECF No. 29; (4) motion for case-specific jury questionnaire, ECF No. 30; (5) motion to permit supplemental attorney examination or questioning of prospective jurors, ECF No. 31; (6) motion to suppress, ECF No. 32; and (7) motion to dismiss, ECF No. 33. Also before the court is the government's motion to strike Medina's notice of assertion of right to be present in court unshackled, ECF No. 21.

**I.    BACKGROUND**

In 2016, Pershing County Undersheriff Thom Bjerke responded to a dispatch call reporting that an individual needed emergency medical services because he was bleeding from his throat and chest. ECF No. 32, Ex. 3. Bjerke arrived at the scene, entered the identified home, and found an unresponsive man lying face down. *Id.* Blood covered the floors and walls, leading

1

Bjerke to conclude that the man had been shot or stabbed. *Id.* Medical personnel arrived shortly after and determined the man was deceased. *Id.* They also observed stabbing marks on the man's body. *Id.* Bjerke and Officer Deputy Shawn Thornhill secured the crime scene. *Id.*

After the scene was secured, Lovelock Paiute Tribal Police Captain Anthony Rodriguez arrived. *Id.* Bjerke advised Rodriguez about the crime scene. *Id.* The remaining investigation was conducted by Lovelock Tribal Police and the Bureau of Indian Affairs. *Id.*

A few hours later and while still located at the murder scene, Bjerke, Thornhill, and Rodriguez responded to a second dispatch call. *Id.*; *see also* ECF No. 32, Ex. 1. The call reported that a man in a nearby residence was being beaten with a baseball bat. ECF No. 32, Ex. 3. Upon arriving at the residence, Tribal Police determined that a group of people had intervened in the assault and took control of the perpetrator. ECF No. 32, Ex. 1. Tribal Police, along with Thornhill, escorted the perpetrator from the residence. ECF No. 32, Ex. 3. The perpetrator was later identified as Medina. *Id.*; *see also* ECF No. 32, Ex. 3.

The Bureau of Indian Affairs managed the evidence recovered from the murder scene and from the resulting murder investigation. ECF Nos. 33, 38. The evidence included biological evidence, physical evidence, and recorded interviews. *See* ECF No. 38. But sometime over the period from the murder on January 1, 2016, to approximately August 22, 2017, the Bureau of Indian Affairs mismanaged the evidence in this case and either lost or destroyed a majority of the murder evidence. ECF Nos. 33, 38. An internal investigation into the mismanagement of the murder evidence is ongoing. ECF Nos. 35, 39.

The Bureau of Indian Affairs also managed the evidence recovered from the assault investigation. ECF Nos. 38, 46. That evidence remains intact. *Id.*

Medina now faces two criminal charges: murder within Indian Country and assault causing serious bodily injury. ECF No. 3.

///

///

///

///

**II. DISCUSSION**

The court first decides Medina's motions and then decides the government's motion.

**A. Motion to Dismiss**

The court first considers the motion to dismiss. Medina argues for dismissal of the complaint based on due process violations resulting from the Bureau of Indian Affairs losing the majority of evidence obtained during the murder investigation. ECF No. 33. The government concedes that Medina's due process rights would be violated by bringing the murder charge to trial. ECF No. 38 at 6. But the government opposes dismissal of the assault charge, explaining that the evidence related to the assault charge has not been lost. *Id.* at 5–6. The court agrees with the government's concession regarding the murder charge and the government's argument regarding the assault charge.

"In order for destruction of evidence to rise to the level of a constitutional violation, a party must make two showings. First, that the government acted in bad faith, the presence or absence of which turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed. […] Second, the missing evidence is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013) (internal citations omitted).

The Bureau of Indian Affairs lost or mishandled the majority of evidence obtained during the murder investigation. *See* ECF No. 38 at 5 (the government describing the amount of lost evidence as "the majority of recorded interviews and almost the entirety of the biological and physical evidence in the murder investigation."). Medina therefore lacks the ability to test the biological evidence, contest the physical evidence, or use the recorded interviews as means of impeachment. Based on the loss of the murder evidence, the government concedes that trying the murder charge would violate Medina's due process rights. *Id.* at 6. The court agrees and dismisses the murder charge accordingly.

But the evidence relating to the assault charge was not lost. ECF No. 38 at 5; ECF No. 46 at 3. Accordingly, the court does not dismiss the assault charge.

### B. Motion to Suppress

The court now turns to the motion to suppress. In his motion, Medina argues that evidence obtained from the murder scene must be suppressed based on unconstitutional searches and seizures. However, the court has dismissed the murder charge above. Accordingly, the court dismisses the motion to suppress as moot.

### C. Motion to Inspect and Produce Federal Law Enforcement Files

In his next motion, Medina moves for the inspection and the production of the personnel files of federal law enforcement agents and officers that will serve as witnesses. ECF No. 27. He specifically seeks the file of Agent Marla Hernandez, a former investigator for the Bureau of Indian Affairs and the subject of a current internal investigation. *Id.* at 3–5. But in his reply to the government's opposition, Medina acknowledges that the government produced over 500 pages of material pertaining to Agent Hernandez prior to filing its opposition. ECF No. 39 at 1. He therefore "requests that the government continue to disclose any findings of *Brady/Giglio/Henthorn* relevance from [the] ongoing investigation [into Agent Hernandez]." *Id.* at 2. Because the material requested in the motion satisfies Medina's original request, the court denies the motion as moot. But the court cautions the government to continue to adhere to its duties of production.

### D. Motion for Early Disclosure of Jencks Materials and Timely Disclosure of Brady and Giglio Materials

The court considers Medina's motion for early disclosure of Jencks, Brady, and Giglio material next. In his motion, Medina seeks disclosure of material falling under the Jenks act prior to trial. ECF No. 27. He also seeks the timely disclosure of material falling under the *Brady* and *Giglio* doctrines. *Id.* Since Medina filed his motion, the government produced the Grand Jury transcript that resulted in the indictment. ECF No. 42. The government also previously produced *Brady* and *Giglio* materials. *Id.* The government plans to produce any forthcoming *Brady* and *Giglio* materials as it is received. *Id.* Medina did not file a reply.

///

///

Based on the government's production of materials after the filing of this motion, the court denies the motion as moot. But the court again cautions the government to continue to adhere to its duties of production.

### E. Motion for Reasonable Notice of Federal Rules of Evidence 404(b) Evidence

The court now turns to Medina's motion for reasonable notice of Federal Rules of Evidence 404(b) evidence. Medina requests that the government provide notice of evidence falling under Rule 404(b) no later than two weeks before the start of trial. ECF No. 29. The government does not oppose the motion and agrees to the proposed timeline. ECF No. 36. The court therefore grants the motion and orders the disclosure of Rule 404(b) evidence no later than two weeks before the start of trial.

### F. Motion to Permit Supplemental Attorney Examination of Prospective Jurors

Next, the court considers Medina's motion for supplemental attorney-conducted *voir dire*. Medina argues that supplemental *voir dire* conducted by attorneys is necessary due to (1) racial discrimination, (2) presumptive bias based on the alleged crimes and the alleged factual circumstances, and (3) distorted bias that results in overvaluing government agents' testimony. ECF No. 31 at 3–5. He also argues that the supplemental *voir dire* will help develop and resolve *Batson* challenges. *Id.* at 5–6. The government submits the issues to the court without opposing the motion. ECF No. 37 at 1–2.

The court denies the motion, holding that supplemental attorney-conducted *voir dire* is unnecessary. The papers before the court do not indicate any special dangers of racial discrimination; the papers do not indicate any special threat regarding presumptive bias based on the alleged crimes—especially given the dismissal of the murder charge; and the papers do not give the court reason to fear a distorted bias that would favor the government agents' testimony. Further, the court requires the parties to submit proposed *voir dire* questions prior to the start of trial in order for the court to include relevant questions during *voir dire*. The attorneys are also able to bring additional concerns that may arise during *voir dire* to the court's attention at that time. The court therefore denies the motion and instructs the parties to file proposed *voir dire* questions according to the court's order regarding trial.

**G. Motion for a Case-Specific Jury Questionnaire**

The court now turns to Medina's final motion: a motion for a case-specific jury questionnaire. Medina argues a case-specific jury questionnaire will assist the parties in selecting appropriate jurors. ECF No. 30. He argues the questionnaire is necessary based on the same reasons he argues for supplemental attorney examination during *voir dire*: (1) racial discrimination, (2) presumptive bias based on the alleged crimes and factual circumstances, and (3) distorted bias that results in overvaluing government agents' testimony. As described above, the papers before the court do not suggest special circumstances indicating the jury cannot be fairly selected in the ordinary course and without a jury questionnaire. The court therefore denies the motion.

**H. Motion to Strike Medina's Notice of Assertion of Right to be Present Unshackled**

Finally, the court considers the government's motion to strike Medina's notice of the assertion of his right to be present in court without shackles. The government argues that the notice should have been filed as a motion. ECF No. 21. The court disagrees.

The docket is currently void of any order requiring Medina to be shackled while in court. Before Medina may be shackled in the courtroom, an order must require he be shackled based on an "individualized decision that a compelling government purpose would be served and that shackles are the least restrictive means for maintaining security and order in the courtroom." *United States v. Sanchez-Gomez*, 859 F.3d 649, 661 (9th Cir.), *cert. granted in part*, 138 S. Ct. 543, 199 (2017). No such finding has been made in this matter.

Alternatively, the government requests the court to make the required finding without a hearing. ECF No. 21 at 2–5. But Medina insists a hearing is required under *Sanchez-Gomez*. ECF No. 22. 5–7. The court declines to issue a determination on the matter at this time. The court will instead address the issue at the next scheduled hearing. The motion to strike the notice is therefore denied.

///

///

///

## III. CONCLUSION

IT IS THEREFORE ORDERED that Rafael Alfonso Medina, Jr.'s motion to dismiss (ECF No. 33) is **GRANTED in part and DENIED in part.** The court dismisses count one: murder within Indian Country. The court does not dismiss count two.

IT IS FURTHER ORDERED that Rafael Alfonso Medina, Jr.'s motion to suppress (ECF No. 32) is **DENIED as moot.**

IT IS FURTHER ORDERED that Rafael Alfonso Medina, Jr.'s motion to inspect and produce files of federal law enforcement agents and officers (ECF no. 27) is **DENIED as moot.**

IT IS FURTHER ORDERED that Rafael Alfonso Medina, Jr.'s motion for early disclosure of Jencks material and timely production of Brady and Giglio material (ECF No. 28) is **DENIED as moot.**

IT IS FURTHER ORDERED that Rafael Alfonso Medina, Jr.'s motion for reasonable notice of Federal Rules of Evidence 404(b) evidence (ECF No. 29) is **GRANTED.** Evidence falling under the scope of Rule 404(b) shall be noticed to the defendant no later than two weeks before the start of trial.

IT IS FURTHER ORDERED that Rafael Alfonso Medina, Jr.'s motion to permit supplemental attorney examination or questioning of prospective jurors (ECF No. 31) is **DENIED.** The court instructs the parties to file proposed *voir dire* questions according to the court's prior order regarding trial.

IT IS FURTHER ORDERED that Rafael Alfonso Medina, Jr.'s motion for case-specific jury questionnaire (ECF No. 30) is **DENIED**.

IT IS FURTHER ORDERED that the government's motion to strike the defendant's notice of assertion of right to be present in court unshackled (ECF No. 21) is **DENIED.**

IT IS SO ORDERED.

DATED this 28th day of February, 2018.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE